UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LILLIAN HOHENSTEIN, Individually and On Behalf of All Others Similarly Situated, ET AL., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>VS. )<br>)<br>BEHRINGER HARVARD REIT I, INC., ET AL., )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:12-CV-3772-G |

MEMORANDUM OPINION AND ORDER

Before the court is the motion, and brief in support, of the Weiss Group for appointment as lead plaintiff and approval of lead and liaison counsel (docket entry 23).  For the reasons stated below, the motion is granted.

I. BACKGROUND

This is a securities class action on behalf of all persons and entities that purchased or otherwise acquired BH REIT securities during the period between February 19, 2003 to the present (the "Class Period").  *See* Class Action Complaint ("Complaint") ¶¶ 6-13 (docket entry 1).  The action was brought pursuant to sections

14(a) and 14(e) of the Exchange Act, 15 U.S.C. §78n(a) and 15 U.S.C. §78n(e), and Securities and Exchange Commission ("SEC") Rules 14a-9 and 14e-2(b), promulgated thereunder. *Id.* ¶¶ 107-116.

Real estate investment trusts are investment vehicles that use the aggregated funds of individual investors to buy and operate income-producing real estate properties and distribute the income to those investors. *See* Motion, and Brief in Support, of The Weiss Group for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel ("Motion") at 2. In order to qualify as a REIT, the company must affirmatively elect to be taxed as a REIT and must satisfy a number of requirements. *Id.* For one, the company must distribute 90% of its net income to shareholders annually. *Id.* In addition, the company must derive 75% of its gross income from investments in real property. *Id.*

The REIT structure offers a number of benefits, especially favorable tax treatment. *Id.* More specifically, REITs do not pay taxes at the corporate level; rather, investors are taxed at their individual tax rates for the ordinary income portion of the dividend. *Id.* REITs also offer investors (a) regular dividends, (b) a more liquid position as compared to purchasing real estate directly, and (c) diversification through the ability to own a variety of property types in geographically diverse areas. *Id.*

Since 2002, the defendants Robert M. Behringer ("Behringer") and Robert S. Aisner ("Aisner") have jointly sold several REITs to investors, including the BH REIT. *Id.* BH REIT's articles of incorporation require that the Company liquidate its investments by 2017 and distribute the proceeds to its shareholders (the "Liquidation") if its common stock is not listed by the Liquidation deadline, unless the deadline is extended. *Id.* The proposed class made investments in BH REIT, which it claims have declined drastically in value due to the actions of a group of defendants (including Behringer and Aisner) in violation of the Exchange Act. *Id.*

The present motion seeks the appointment of the Weiss Group as lead plaintiff, of Block & Leviton LLP as lead counsel, and of Lackey Hershman LLP as liaison counsel, in this action, in accord with the rules set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## II.  ANALYSIS

### A.  Legal Standards

#### 1. *Appointment of Lead Plaintiff*

15 U.S.C. § 78u-4(a)(3)(A)(i) requires, within 20 days of the filing of a complaint under the PSLRA, publication of "a notice advising members of the purported plaintiff class -- (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the

date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."

§ 78u-4(a)(3)(B)(i) requires the court, within 90 days of the posting of such notice, to consider any motion for appointment of lead plaintiff and to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph."

§ 78u-4(a)(3)(B)(iii)(I) establishes a rebuttable presumption that "the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -- (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

§ 78u-4(a)(3)(B)(iii)(II) states that "[t]he presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

FED. R. CIV. P. 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a proposed Lead Plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corporation*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AmSouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corporation Securities Litigation*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.")).

The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of

the class at large." *Danis v. USN Communications, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

2. *Appointment of Lead Counsel*

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

B. <u>Application</u>

1. *Appointment of Lead Plaintiff*

a. The Weiss Group is willing to be appointed lead plaintiff and timely moved for such appointment

On or about September 18, 2012, counsel for the named plaintiff in this action, Lillian Hohenstein, caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had

been filed against the defendants herein, and advised investors in BH REIT securities that they had until November 17, 2012,[1] to file a motion to be appointed as Lead Plaintiff (the "Notice").  *See* Declaration of Jeffrey C. Block in Support of the Motion of The Weiss Group for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel ("Block Decl."), Ex. A (App. at 6).  The members of the Weiss Group have asserted that they are each longstanding clients of financial advisor Dennis Weiss and that they are committed to working together to prosecute this action and protect the rights and interests of the investors in the BH REIT.  *See* Motion at 7.  On November 19, 2012, the Weiss Group timely filed the instant motion pursuant to the Notice, and it has attached certifications attesting that its members are willing to serve as class representatives for the Class and provide testimony at deposition and trial, if necessary.  *See* Block Decl., Ex. B (App. at 8-12).  Accordingly, the Weiss Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

                b.  The Weiss Group has the largest financial interest

The Weiss Group asserts that, in total, it purchased 164,405 shares of BH REIT securities, for a total investment of $1,644,050.  *See* Block Decl., Ex. B (App. at 8-12).  Because the court has no other motions for appointment as lead plaintiff pending before it, the Weiss Group by definition has the largest financial interest of

---

[1] The court notes that, accounting for the fact that November 17, 2012 fell on a weekend, 60 days from September 18, 2012 was actually November 19, 2012.  Thus the instant motion was timely filed.

those plaintiffs willing to be appointed lead plaintiff.  Thus, the Weiss Group satisfies § 78u-4(a)(3)(B)(iii)(I)(bb).

   c.  The Weiss Group satisfies the requirements of FED. R. CIV. P. 23

The claims of the Weiss Group appear to the court at this early stage to be typical of those of the Class.  They allege, as would all class members, that the defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material fact concerning the Company or omitting to state material facts necessary to make the statements they did make not misleading.  The Weiss Group, as did all members of the Class, purchased BH REIT securities during the relevant period and alleges that it was subjected to the defendants' alleged false and misleading statements, which it claims were made in Schedule 14D-9s filed on September 7, 2011, and February 24, 2012, and was damaged thereby.  The issues surrounding the defendants' alleged wrongdoing are apparently the same for every class member.  Thus, the interests of the Weiss group are aligned with the interests of the class as a whole.  Its claims are accordingly "typical" of the claims of the class.  This is sufficient to satisfy the typicality requirement of Rule 23(a)(3).

  The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in

the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).  See *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'" (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The members of the Weiss Group are adequate representatives for the class. The Weiss Group asserts that there is no antagonism between the Weiss Group's interests and those of the class.  The purchases it alleges it made during the class period demonstrate that it has a sufficient financial interest in the outcome of this litigation.[2]  Moreover, as stated below, it appears to the court that it has retained counsel highly experienced in prosecuting securities class actions such as this case.

### 2. *Appointment of Lead Counsel*

Here, the Weiss Group has selected the Block & Leviton LLP as Lead Counsel and the Lackey Hershman, LLP as Liaison Counsel.  The proposed plaintiffs have submitted evidence that the attorneys at Block & Leviton are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Block Decl., Ex. C (App. at 14-24).  Similarly,

---

[2] Moreover the Weiss Group asserts that it is not aware that it is subject to unique defenses. *See* Motion at 11.  The court also notes that no other group or plaintiff has stepped forward seeking to rebut the presumption that the Weiss Group is the most adequate plaintiff.

Lackey Hershman appears to the court to have extensive class action and securities litigation experience.  *See* Block Decl., Ex. D (App. at 26-58).  As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, the court is convinced that the Weiss Group's chosen counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

### III.  CONCLUSION

For the reasons stated above, the motion of the Weiss Group to be appointed lead plaintiff is **GRANTED**.  The motion to approve Block & Leviton LLP as Lead Counsel and Lackey Hershman LLP as Liaison Counsel is also **GRANTED**.

**SO ORDERED**.

December 20, 2012.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**